UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) No. 3:22-cr-00282 |
| v. | )<br>) JUDGE RICHARDSON |
| [1] GLEN CASADA<br>[2] CADE COTHREN | )<br>) |

**GOVERNMENT'S MOTION TO COMPEL
RECIPROCAL DISCOVERY UNDER RULE 16(B)(1)**

The United States of America, by and through undersigned counsel, respectively requests that this Court compel defendants Glen Casada and Cade Cothren to produce to the government all undisclosed materials covered by the reciprocal discovery requirements of Federal Rule of Criminal Procedure 16(b)(1). That includes materials that the defendants anticipate they will use during cross-examination of government witnesses to support their cases-in-chief. In the alternative, the government requests that this Court order the defendants to describe, on an *ex parte* basis to this Court if necessary, the materials in the defendants' possession that the defendants intend to use at trial, but have not disclosed to the government. If the Court orders this disclosure, the government requests that the Court determine whether the described materials be disclosed to the government under Rule 16(b)(1), or that the Court place the defendants on notice that the described materials may be excluded at trial if offered in violation of Rule 16(b)(1).

**I.    The Defendants Have Not Provided Any Reciprocal Discovery to Date.**

On August 22, 2022, the grand jury returned an Indictment charging the defendants with multiple felony offenses. Doc No. 3. On September 6, 2022, the government provided thousands of pages of documents and other materials in discovery, including materials covered by Federal Rule of Criminal Procedure 16. In correspondence accompanying the production, the

government informed defense counsel that acceptance of the government's production triggered the defendants' reciprocal obligations under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B) and Local Criminal Rule 16.01(a)(1)(A). The government made supplemental discovery productions to both defendants in December 2022, July 2023, and August 2023.

Following these government productions, the government served Cothren with an additional request for reciprocal discovery on May 17, 2023, and both defendants with another request on July 3, 2023. To date, the government has not received a single document or other item in reciprocal discovery from either defendant, despite the defendants' obligations to provide such discovery.

On May 25, 2023, Cothren filed a motion for trial subpoenas requesting pretrial production of personal telephone and messaging records associated with a potential trial witness. Doc No. 52 at 4-5.[1] In his motion, Cothren proffered that he was requesting "Verizon telephone records and Confide messaging records—*in addition to the text messages Mr. Cothren already has*," to establish theories in support of his case-in-chief. *Id.* at 2-3 (emphasis added). Cothren claimed that these communications "are integral to Mr. Cothren's defense in this matter." *Id.* at 3. Cothren's pleading indicates that he possesses undisclosed materials that he is required to produce to the government pursuant to Rule 16. While Cothren has produced the records received from Verizon pursuant to this Court's order, he has not produced the additional discovery referenced in the motion.

Both defendants' failures to produced reciprocal discovery to the government—

---

[1] The Court granted Cothren's motion and ordered the defendant to disclose all materials received as a result of the subpoenas to the government and Casada. Doc No. 53 at 3-4. On July 6, 2023, Cothren provided a copy of the subpoena production to the government.

particularly Cothren's, in light of his representations to the Court—suggest that the defendants have withheld discoverable materials from the government in violation of Federal Rule of Criminal Procedure 16(b)(1).

## II. The Defendant has an Obligation to Provide Reciprocal Discovery Under Rule 16(b)(1).

Federal Rule of Criminal Procedure 16(b) provides:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16(b)(1). This rule helps "eliminate the idea that a criminal trial is a sporting contest in which a game of cat and mouse is acceptable." *United States v. Howell*, 231 F.3d 615, 626 (9th Cir. 2000).

A defendant cannot avoid reciprocal discovery obligations by simply claiming that non-disclosed materials are intended to be used in cross-examination of government witnesses. "If 'case-in-chief' exclusively covered materials introduced after the government rests, then whenever defendants present substantive, non-impeachment, evidence during cross-examination to prove their case—a standard modern trial practice that can hardly be abandoned—such evidence would not be subject to Rule 16(b) pretrial disclosure." *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (citation and internal quotation marks omitted). Therefore, counsel must turn over *all* substantive evidence that the defendant intends to introduce if offered to support its case-in-chief, even if offered during cross-examination. *See, e.g., id.* (stating that "to permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief before the government rests would frustrate the practical intentions behind Rule 16: to avoid unfair

3

surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery"); *United States v. Hsia*, No. 98-57, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000) (unpublished) (citing cases from several district courts, located within several different Circuits, stating the same principle); *United States v. Crinel*, No. 2:15-cr-61, 2016 WL 5779778, at *4 (E.D. La. Oct. 4, 2016) (holding that "a defendant's case-in-chief includes any documents a defendant intends to use during cross-examination of a government witness except for the purpose of impeachment"); *see also United States v. Ellison*, 704 F. Appx. 616, 625 (9th Cir. 2017) ("The district court properly refused to limit Appellants' production obligation to those exhibits they planned to introduce with their own witnesses by refusing to cabin their 'case-in-chief' to the period after which they called their first witness at trial, because a defendant may establish his defense by cross-examining the government's witnesses.").

Likewise, a defendant cannot avoid its discovery obligations by claiming that non-disclosed materials will be offered partially for impeachment purposes if those materials are, in truth, primarily offered to support the defendant's case-in-chief. "If defendant seeks to offer an item [at trial] which has not been disclosed, the court will exclude the item if its primary purpose goes to her case-in-chief even if it is purportedly offered for impeachment." *United States v. Liberto*, 565 F. Supp. 3d. 739, 745 (D. Md. 2021) (citations and internal quotation marks omitted); *see United States v. Young*, 248 F.3d 260, 269-70 (4th Cir. 2001) (affirming district court's exclusion of audiotapes that the defendant attempted to introduce during cross-examination of a government witness because, in truth, the defendant "*intended* to offer the tapes not for impeachment purposes, but as 'evidence in chief'"); *Hsia*, 2000 WL 195067, at *2 (stating that "evidence [introduced] through cross-examination that the Court finds is part of [defendant's]

4

case-in-chief" is subject to Rule 16(b) disclosure); *United States v. Heine*, No. 3:15-cr-238, 2017 WL 4423408, at *8 (D. Or. Oct. 5, 2017) ("Evidence that is offered primarily to *prove or disprove* an element of a claim or defense is not evidence that is offered to impeach the credibility of a witness and thus is not impeachment evidence; it must be disclosed in accordance with Rule 16.").

Furthermore, the defendant cannot simply reserve the right to present at trial any of the discovery the government has provided. The reciprocal discovery requirement extends to any materials covered by Rule 16, even if they may already be in the government's possession. *See Liberto*, 565 F. Supp. 3d at 745 (stating that "courts have considered and rejected the argument that the fact that the government already possesses certain material means that the defendant has no further obligation under Rule 16(b)"); *Hsia*, 2000 WL 195067, at *1 ("The fact that the government already is in possession of the documents does not eliminate defendant's duty to disclose them."). Moreover, there is a continuing duty to "promptly disclose" discoverable information once a party discovers it. Fed. R. Crim. P. 16(c); *see United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987) (affirming exclusion of a report because defense counsel failed to "notify the court or the Government of the existence of the record *promptly*").

**III. The Court Should Compel the Defendants to Meet Their Rule 16 Discovery Obligations or, in the Alternative, Order the Defendants to Describe the Materials They Have Withheld from the Government.**

Despite the government's compliance with its disclosure obligations under Rule 16(a)(1)(E), and the government's repeated requests for reciprocal discovery, it has received no reciprocal discovery from the defendants. The defendants' conduct suggests that they may be withholding evidence that implicates the defendants' cases-in-chief, and that the defendants plan to disclose this evidence for the first time at trial during the cross-examination of government

5

witnesses, such as potential witnesses the defendants know well, like their former colleagues. Under Rule 16(d), there are several remedies the Court could fashion.

"At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other relief." Fed. R. Crim. P. 16(d)(1). "The court may permit a party to show good cause by a written statement that the court will inspect ex parte." *Id.* Moreover, "[i]f a party fails to comply with" Rule 16, the court may enter any "order that is just under the circumstances," including, but not limited to, "order that party to permit the discovery or inspection," or "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2). A "district court has broad discretion to fashion remedies for the violation of its discovery orders." *United States v. Spillone*, 879 F.2d 514, 522 (9th Cir. 1989). That includes "unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery." *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011); *see United States v. Moore*, 208 F.3d 577, 578 (7th Cir. 2000) ("[C]ourts are entitled to exclude evidence that should have been produced during reciprocal discovery in criminal cases.") (citing *Taylor v. Illinois*, 484 U.S. 400 (1988)).

The government respectfully asks that this Court compel the defendants to produce to the government all undisclosed materials covered by the reciprocal discovery requirements of Federal Rule of Criminal Procedure 16(b)(1). That includes *all* materials that the defense anticipates it will use during cross-examination of government witnesses to support its case-in-chief, including materials that may have been included in the government's discovery productions to the defense. In the alternative, the government requests that this Court order the defendants to describe, on an *ex parte* basis to this Court if necessary, the materials in the defendants' possession that the defendants intend to use at trial, but have refused to disclose to the government. If the Court

6

Case 3:22-cr-00282    Document 72    Filed 08/17/23    Page 6 of 9 PageID #: 318

orders this disclosure, the government requests that the Court determine whether the described materials be disclosed to the government under Rule 16(b)(1), or that the Court place the defendants on notice that the described materials may be excluded at trial if offered in violation of Rule 16(b)(1).

## IV. Conclusion

The United States respectfully requests that the Court compel the defendants to produce reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1) or, in the alternative, order the defendants to describe the materials in the defendants' possession that they intend to use at trial to support their cases-in-chief, but have refused to disclose to the government.[2]

---

[2] Pursuant to the defendants' request, the Court set an August 17, 2023, deadline for filing motions regarding discovery. Doc No. 56. The government is filing this motion today in compliance with that order. Notably, though, the parties are anticipating the imminent filing of a motion requesting that the Court continue the currently scheduled trial date and reset the deadlines included in the Court's scheduling order. If the Court grants that motion and resets the deadlines, the government may withdraw this motion to permit the defendants additional time to produce the required Rule 16 materials without the Court's intervention.

Respectfully submitted,

| | |
|---|---|
| THOMAS JAWORSKI<br>Attorney for the United States<br>Middle District of Tennessee<br>Acting Under Authority Conferred<br>by 28 U.S.C. § 515 | COREY R. AMUNDSON<br>Chief<br>Public Integrity Section |
| By: | By: |
| /s/ Amanda J. Klopf<br>AMANDA J. KLOPF<br>Assistant U.S. Attorney<br>110 Ninth Avenue South, Suite A-961<br>Nashville, TN 37203<br>(615) 736-5151<br>Email: amanda.klopf@usdoj.gov | /s/ John P. Taddei<br>JOHN P. TADDEI<br>Trial Attorney<br>1301 New York Ave. NW<br>Washington, DC 20530 |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing response was electronically filed with the Clerk on August 17, 2023, and service was made upon all persons registered in that case via CM/ECF and/or by email.

/s/ John P. Taddei<br>
JOHN P. TADDEI<br>
Trial Attorney