# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:22-cr-00282 |
| | ) | Judge Eli Richardson |
| GLEN CASADA and | ) | |
| CADE COTHREN | ) | |

## UNOPPOSED MOTION TO INTERVENE

Robin Smith moves to intervene in this matter for the limited purpose of filing a motion to suppress documents protected by the attorney-client privilege and work product doctrine that the United States collected from Ms. Smith's cellular phone and produced to Defendants Glen Casada and Cade Cothren (collectively, "Defendants"). As explained more fully below, the United States seized Ms. Smith's cellular phone pursuant to a search warrant. The United States agreed to run a filter protocol to identify privileged documents and communications present on the phone and other devises. On July 15, 2024, the United States informed counsel for Ms. Smith that it had produced the entire forensic image of the cellular phone to the Defendants without first running the filter protocol to remove privileged information. Ms. Smith seeks to intervene in this matter for the limited purpose of filing a Motion to Suppress to protect her privileged materials. A copy of the Motion to Suppress is attached as **Exhibit A**. The United States and counsel for Defendants have advised Ms. Smith's counsel that they do not oppose Ms. Smith's intervention for the limited purpose of addressing privilege issues related to Ms. Smith's cellular phone.

## I. Factual and Procedural Background

On January 8, 2021, the Federal Bureau of Investigation (the "FBI") executed a search warrant and searched Ms. Smith's home and office. In executing the search warrant, the FBI seized Ms. Smith's cellular phone. Ms. Smith's cellular phone contains materials protected by the attorney-client privilege and/or work product doctrine, so the United States agreed to run Ms. Smith's materials through a filter protocol to identify and screen out the privileged materials.

Ms. Smith is a defendant in a criminal case pending before this Court as *United States v. Smith*, Criminal No. 3:22-cr-00078 (Judge Richardson). In that case, Ms. Smith pleaded guilty to one count of Honest Services Wire Fraud and entered into a Plea Agreement. *Id.* at D.E. 15 (Plea Agreement). It is anticipated that Ms. Smith will testify in the present case. On July 15, 2024, counsel for Ms. Smith received a call from Department of Justice Trial Attorney John Taddei informing him for the first time that the United States had erroneously produced the entire forensic image of Ms. Smith's cellular phone to the Defendants instead of following the filter protocol to remove privileged materials. The United States does not dispute that it should have followed the filter protocol and removed privileged documents before accessing the forensic image and producing it to Defendants. Because the United States and Defendants obtained access to Ms. Smith's privileged information and Ms. Smith has not waived the privilege, Ms. Smith seeks to intervene in this matter so that she can file the attached Motion to Suppress to protect her privileged communications and information.

## II. Argument and Authority

The Court should allow Ms. Smith to intervene for the limited purpose of seeking to protect her privileged materials. While the Federal Rules of Criminal Procedure do not specifically provide an intervention mechanism, courts have consistently found that "persons affected by the

disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders, and if protection is denied, seek immediate appellate review." *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979); *see also, United States v. Crawford Enters., Inc.*, 735 F.2d 174, 176 (5th Cir. 1984) ("As a general proposition, persons or corporations which are adversely affected by the disclosure of privileged material have the right to intervene, assuming standing, in pending criminal proceedings to seek protective orders, and if denied, to seek immediate appellate review."); *United States v. Feeney*, 641 F.2d 821, 824 (10th Cir. 1981) (following *RMI Co.*).

Additionally, "a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditions disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Furthermore, none of the parties oppose Ms. Smith's intervention for the limited purposes of addressing issues related to her privileged materials. Thus, under the Court's inherent power to manage its docket and authority from other circuits, the Court should allow Ms. Smith to intervene for the limited purpose of seeking to protect her privileged materials that the United States impermissibly accessed and produced to Defendants.

### III. Conclusion

For the reasons stated above, the Court should allow Robin Smith to intervene in this matter for the limited purpose of seeking to protect her privileged materials that the United States and Defendants Glen Casada and Cade Cothren currently have within their possession.

Respectfully submitted,

**HOLLAND & KNIGHT, LLP**

/s/ *W. David Bridgers*
W. David Bridgers    (TN BPR No. 016603)
L. Wells Trompeter   (TN BPR No. 030380)
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
615-850-8529
615-850-8759
david.bridgers@hklaw.com
wells.trompeter@hklaw.com


/s/ *Ben M. Rose*
Ben M. Rose (TN BPR No. 21254)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
(615) 942-8295
ben@rosefirm.com

*Attorneys for Intervenor Robin Smith*


# CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, a true and correct copy of the foregoing Motion to Intervene was electronically filed with the United States District Court for the Middle District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

| | |
|---|---|
| Edward M. Yarbrough<br>Bone, McAllester & Norton, PLLC<br>511 Union Street<br>Suite 1000<br>Nashville, TN 37219<br>eyarbrough@spencerfane.com | Taylor J. Phillips<br>U.S. Attorney's Office<br>719 Church Street<br>Suite 3300<br>Nashville, TN 37203<br>taylor.phillips@usdoj.gov |

4

| | |
|---|---|
| Jonathan P. Farmer<br>Spencer Fane LLP<br>511 Union Street<br>Suite 1000<br>Nashville, TN 37219<br>jfarmer@spencerfane.com | Blake J. Ellison<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>1301 New York Ave. NW, 10th Fl.<br>Washington, DC 20530<br>blake.ellison@usdoj.gov |
| Cynthia A. Sherwood<br>Sherwood Boutique Litigation, PLC<br>414 Union Street<br>Suite 1110<br>Nashville, TN 37219<br>cynthia@sherwoodlitigation.com | John P. Taddei<br>U.S. Department of Justice<br>Public Integrity Section<br>1301 New York Ave. NW<br>Ste 10th Floor<br>Washington, DC 20530<br>john.taddei@usdoj.gov |
| Joy Boyd Longnecker<br>Barnes & Thornburg LLP<br>1600 West End Avenue<br>Suite 800<br>Nashville, TN 37203-3447<br>joy.longnecker@btlaw.com | |

/s/ *W. David Bridgers*
W. David Bridgers