IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:22-cr-00282** |
| | ) | **Judge Eli Richardson** |
| GLEN CASADA and | ) | |
| CADE COTHREN | ) | |

## MOTION TO SUPPRESS

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), Robin Smith ("Ms. Smith") moves for the Court to suppress evidence protected by the attorney-client privilege and work product doctrine that the United States retrieved from Ms. Smith's cellular phone pursuant to a search warrant and unbeknownst to Ms. Smith inadvertently produced to Defendants Glen Casada and Cade Cothren (collectively, "Defendants"). In order to guard against the disclosure of Ms. Smith's documents protected by the attorney-client privilege and work product doctrine, the United States agreed to a filter protocol to screen privileged materials present on the cellular phone. On July 15, 2024, the United States informed counsel for Ms. Smith that it had erroneously produced the entire forensic image of the cellular phone to the Defendants without first screening for privileged materials. The United States has recognized that it impermissibly accessed and then distributed Ms. Smith's privileged materials.

## I.    Factual and Procedural Background

On January 8, 2021, the Federal Bureau of Investigation (the "FBI") executed a search warrant and searched Ms. Smith's home and office. In executing the search warrant, the FBI collected Ms. Smith's cellular phone. The cellular phone contains documents and communications protected by the attorney-client privilege and the work product doctrine, such as privileged

communications between Ms. Smith and her attorneys, including Ben M. Rose and others. These privileged materials include, but are not limited to, communications regarding ongoing litigation in a state civil case styled *Tennessee Democratic Party v. Hamilton Cnty. Election Comm'n*, 2020 WL 865282 (Tenn. Ct. App. Feb. 21, 2020). After the United States seized the phone, Mr. Rose quickly informed the United States that the cellular phone contained privileged materials. On January 11, 2021, Department of Justice Trial Attorney John Taddei sent Mr. Rose an email concerning the timeline for returning Ms. Smith's cellular phone noting, "It will be longer than a few days, particularly given we will also need to run materials through a filter protocol based on your advisement that there may be attorney-client privileged communications present." A true and accurate copy of the email exchange is attached as **Exhibit A**. At Mr. Taddei's request, Mr. Rose then provided a list of counsel and their email addresses that the United States should use to identify privileged materials in its filter process. *Id.*

Robin Smith is a defendant in a criminal case pending before this Court as *United States v. Smith*, Criminal No. 3:22-cr-00078 (Judge Richardson). In that case, Ms. Smith pleaded guilty to one count of Honest Services Wire Fraud and entered into a Plea Agreement. *Id.* at D.E. 15 (Plea Agreement). It is anticipated that Ms. Smith will testify in the present case. On July 15, 2024, counsel for Ms. Smith received a call from Mr. Taddei informing him for the first time that the United States at some prior point had inadvertently produced the entire forensic image of Ms. Smith's cellular phone to the Defendants instead of following the filter protocol to remove privileged materials. The United States does not dispute that it was obligated to screen for privileged materials before accessing the material on Ms. Smith's cellular phone and before producing an image of the phone to Defendants.

#505972618_v3

On July 26, 2024, Assistant U.S. Attorney Taylor Phillips sent an email to counsel for Defendants stating, "As you may already be aware, it appears that there were some communications on Robin Smith's phone that may be covered by the attorney-client privilege." A true and accurate copy of the email is attached as **Exhibit B.** The United States confirmed that the government had stopped review of the Cellebrite[1] of Ms. Smith's phone and asked that defense counsel "confirm for Ms. Smith's attorneys that you have stopped reviewing Ms. Smith's phone, given that you have been alerted that it contains privileged information." *Id.* Both counsel for Mr. Casada and counsel for Mr. Cothren confirmed that they had stopped reviewing the phone. *Id.* On July 31, 2024, AUSA Philips emailed defense counsel stating: "The FBI is producing a new Cellebrite of Ms. Smith's phone and, after consultation with Ms. Smith's counsel, we anticipate that an FBI technical employee will run the following terms against it….They will then segregate documents which hit on any of those terms and provide a Cellebrite report with the remaining documents to us. We'll then produce it to you—hopefully next week." *Id.*

That same day, counsel for Ms. Smith responded, "On behalf of Robin Smith, the privilege holder, we are seeking confirmation that upon receipt of the new image that does not contain privileged material, you all will return the image previously produced to you without maintaining copies of the image or any privileged material that might be found on the image and that you will not attempt to use or disseminate any of the privileged material." *Id.* Counsel for Defendants indicated that were unwilling to return the original image at present. *Id.* The United States on August 1, sent an email to counsel for Defendants stating that it was requesting that defense counsel return the inadvertently produced Cellebrite copies pursuant to paragraph 4 of the Protective Order, D.E. 23. *Id.* Defense counsel declined to do so. The government has indicated to

---

[1] Cellebrite is the company the United States used to image Ms. Smith's cellular phone.

Ms. Smith's counsel that it will return or destroy all copies of the full image of the cellular phone that it has within its possession, custody, or control after the FBI re-images the phone to remove privileged documents.

## II.    <u>Argument and Authority</u>

The United States and Defendants have a duty to return or destroy Ms. Smith's privileged materials once they receive an image of the phone with the privileged materials removed, and Ms. Smith has not waived the privilege. When the United States seeks material that may contain privileged documents, it has a duty to respect the privileged nature of the documents and implement efforts to screen for privileged documents. *See, e.g., In re Grand Jury Subpoenas* (04-124-03 & 04-124-05), 454 F.3d 511 (6th Cir. 2006); *see also,* OFFICE OF LEGAL EDUC., DEP'T OF JUSTICE, SEARCHING AND SEIZING COMPUTERS AND OBTAINING ELECTRONIC EVIDENCE IN CRIMINAL INVESTIGATIONS at 109 (2015) ("Agents contemplating a search that may result in the seizure of legally privileged computer files should devise a post-seizure strategy for screening out the privileged files."). The phone the United States seized contains communications Ms. Smith had with her attorney that are protected by the attorney-client privilege and/or work product doctrine, including active state litigation at the time, so the United States was obligated to run a filter protocol before accessing the materials on the phone. After the FBI seized the phone, counsel for Ms. Smith promptly notified the United States that the phone contained privileged materials, and in fact, the United States informed Ms. Smith's counsel that it would run a filter protocol. Ex. A.

The United States does not argue that an exception to privilege applies or that Ms. Smith has somehow waived the privilege. Instead, the United States has acknowledged its failure to screen for privileged material as required and as it indicated to Mr. Rose. Defendants' counsel

#505972618_v3

have suggested that Ms. Smith may have waived the privilege, but that is simply not the case, nor could she have waived the privilege. The United States' disclosure of Ms. Smith's privileged material does not waive the privilege because Ms. Smith, not the United States, holds the privilege, so only Ms. Smith can waive it. *Fleet Bus. Credit Corp. v. Hill City Oil Co.*, No. 01-02417 MaV, 2002 U.S. Dist. LEXIS 23896, at *9 (W.D. Tenn. Dec. 5, 2002) (quoting *Smith Cty. Educ. Asso. v. Anderson*, 676 S.W.2d 328, 333 (Tenn. 1984)) ("The attorney-client privilege 'belongs to the client' and only the client may waive it."). Additionally, the United States obtained Ms. Smith's phone pursuant to a search warrant, and Ms. Smith's counsel promptly informed the United States of the existence of privileged materials on the phone. Counsel for Ms. Smith first learned that the United States had accessed and produced the image of the phone without first running the filter protocol on July 15, 2024, and since then, Ms. Smith's counsel has been in frequent contact with the United States and Defendants' counsel to attempt to resolve this matter expeditiously. There can be no serious argument that Ms. Smith waived the privilege or failed to adequately protect the privileged nature of the materials, particularly in the face of a valid search warrant. To the contrary, at every step possible, Ms. Smith has taken action to protect her privilege, and the privileged material was disclosed through no fault of her own.

Under Tennessee ethical standards generally and the Protective Order in this case specifically, defense counsel has a duty to return the privileged materials the United States inadvertently produced. On September 8, 2022, the Court entered a Protective Order in this case that provides, "At the request of the government, the defendant shall return all copies of material that was inadvertently produced in discovery." D.E. 23 ¶ 4. On August 1, 2024, AUSA Phillips sent the following request to Defendants: "Pursuant to paragraph 4 of the protective order (D.E. #23), please return your copies of the Cellebrite of Ms. Smith's phone to the government." Ex. B.

#505972618_v3

The United States indicated that it would "preserve those copies until there is either a judicial determination of waiver or you approve of our returning the unfiltered Cellebrites to Ms. Smith's counsel." *Id.* Counsel for Defendants Cothren confirmed that they had ceased reviewing the original image of the phone, but they declined to return the image. *Id.*

> Furthermore, under the Tennessee Rules of Professional Conduct:
>
> A lawyer who receives information (including, but not limited to, a document or electronically stored information) relating to the representation of the lawyer's client that the lawyer knows or reasonably should know is protected by RPC 1.6 (including information protected by the attorney-client privilege or the work-product rule) and has been disclosed to the lawyer inadvertently or by a person not authorized to disclose such information to the lawyer, shall:…
>
>> (3) abide by that person's or lawyer's instructions with respect to disposition of written information or refrain from using the written information until obtaining a definitive ruling on the proper disposition from a court with appropriate jurisdiction.

Tenn. Sup. Ct. R. 8, RPC 4.4(b); *see also,* Tennessee Advisory Ethics Opinion 2004-f-150. In this case, the United States was not authorized to access or disclose Ms. Smith's privileged information, and counsel for Defendants should have known that the communications between Ms. Smith and her counsel, which were contained on the Cellebrite image and involved active litigation at the time, were protected when they came across them during review.

When the United States seizes documents pursuant to a search warrant that contain privileged materials, "the remedy is suppression and return of the documents in question." *United States v. Sawyer*, No. 2:11-CR-82, 2013 U.S. Dist. LEXIS 55813, at *5 (E.D. Tenn. Feb. 20, 2013) (quoting *United States v. Skeddle*, 989 F. Supp. 890, 897 (N.D. Ohio 1997)). The United States has indicated that the FBI is in the process of re-imaging the cellular phone so that it can properly perform the privilege screening. Based on the unique facts of this case, the Court should order that the United States perform a privilege screen of the cellular phone using the agreed-upon search

6

terms and produce an appropriately redacted image of the cellular phone to Defendants. The Court should further order that, after the United States produces the redacted image of the cellular phone, the United States and Defendants shall destroy or return all copies of the original image that they have in their possession, custody, or control.

To the extent the United States or Defendants have disseminated the original image to persons not party to this action, including but not limited to law enforcement, federal or state agencies, and private investigators, the Court should order that it is the responsibility of the party who disseminated the information to seek the return or destruction of the original image from those persons who received access to the unredacted original image of the cellular phone. In order to ensure the protection of Ms. Smith's privileged documents, Ms. Smith requests that the Court further order the United States and Defendants to provide Ms. Smith with a list of all persons who gained access to the un-redacted image of the cellular phone, along with a certification that they have directed that person to return or destroy all copies of the image. In addition, the Court should order that the unredacted original image of the cellular phone should not be used in this or any other trial or proceeding or for any other purposes, including but not limited to, investigative or law enforcement purposes.

## III.    Conclusion

For the reasons stated above, and in order to remedy the error caused by the inappropriate disclosure of Ms. Smith's privileged information for no fault of her own, and to protect Ms. Smith's privilege, which she has asserted throughout this process, the Court should grant this motion and order the relief requested above.

7

Respectfully submitted,

**HOLLAND & KNIGHT, LLP**

/s/ *W. David Bridgers*
W. David Bridgers    (TN BPR No. 016603)
L. Wells Trompeter   (TN BPR No. 030380)
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
615-850-8529
615-850-8759
david.bridgers@hklaw.com
wells.trompeter@hklaw.com


/s/ *Ben M. Rose*
Ben M. Rose (TN BPR No. 21254)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee  37024
(615) 942-8295
ben@rosefirm.com

*Attorneys for Intervenor Robin Smith*


## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, a true and correct copy of the foregoing Motion to Suppress was electronically filed with the United States District Court for the Middle District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Edward M. Yarbrough
Bone, McAllester & Norton, PLLC
511 Union Street
Suite 1000
Nashville, TN 37219
eyarbrough@spencerfane.com

Taylor J. Phillips
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, TN 37203
taylor.phillips@usdoj.gov

Jonathan P. Farmer
Spencer Fane LLP
511 Union Street
Suite 1000
Nashville, TN 37219
jfarmer@spencerfane.com


Cynthia A. Sherwood
Sherwood Boutique Litigation, PLC
414 Union Street
Suite 1110
Nashville, TN 37219
cynthia@sherwoodlitigation.com


Joy Boyd Longnecker
Barnes & Thornburg LLP
1600 West End Avenue
Suite 800
Nashville, TN 37203-3447
joy.longnecker@btlaw.com

Blake J. Ellison
Public Integrity Section
Criminal Division
U.S. Department of Justice
1301 New York Ave. NW, 10th Fl.
Washington, DC 20530
blake.ellison@usdoj.gov


John P. Taddei
U.S. Department of Justice
Public Integrity Section
1301 New York Ave. NW
Ste 10th Floor
Washington, DC 20530
john.taddei@usdoj.gov

/s/ *W. David Bridgers*
W. David Bridgers