

JONATHAN P. FARMER
PARTNER
SPENCER FANE LLP
DIRECT DIAL: (615) 238-6309
jfarmer@spencerfane.com

February 20, 2025

**VIA E-MAIL**

Attn: Taylor Phillips, Esq.
U.S. Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203
Taylor.Phillips@usdoj.gov

John P. Taddei, Esq.
Blake J. Ellison, Esq.
Trial Attorney
Public Integrity Section, Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Via email: john.taddei@usdoj.gov
blake.ellison@usdoj.gov

**Re:** USA v. Casada; Case No. 3:22-cr-00282

Dear Counsel:

I write to request that the government disclose any and all material, including, but not limited to, witness statements and related documents, including reports, memoranda, exhibits, and notes, pursuant to its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny, the Local Rules, and the 2020 Due Process Protection Act. Based on our investigation and review of the government's productions to date, we believe there is *Brady, Giglio* or related information that we have not yet received.

By this letter, we request information that is exculpatory pursuant to Justice Manual 9-5.001(C)(1), that is, any evidence that "is inconsistent with any element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime." Such information "must be disclosed reasonably promptly" after discovery. *See* Local Criminal Rule 16.01(a)(3)(A) and Justice Manual 9-5.001(D)(1).

SPENCER FANE LLP | 511 UNION STREET, SUITE 1000, NASHVILLE, TN 37219 | 615.238.6300 | FAX 615.238.6301 | spencerfane.com

2025.02.20 - Letter to USAO Atty Taylor Phillips - 2/20/2025 9:22 AM

Case 3:22-cr-00282   Document 271-2   Filed 03/13/25   Page 1 of 2 PageID #: 1824



February 20, 2024
Page 2


Our investigation to date has revealed information that Cameron Sexton and/or Connie Ridley have violated, and perhaps continue to violate, state and federal criminal and election law. To be clear, in your correspondence dated September 24, 2024, the prosecution identified several documents which corroborate this position. Regardless of which party calls them to testify, both Mr. Sexton and Mrs. Ridley will undoubtedly be a central figure in the trial of this matter. As such, any information possessed by the prosecution regarding either of their lack of credibility, violation of law, lack of trustworthiness, and so forth should be disclosed immediately.

This is particularly true when substantial evidence already disclosed indicates that Mr. Sexton, and likely Mrs. Ridley, was at least partly the impetus for the current investigation that led to the charges that underly this case. Mr. Sexton has publicly stated that he was in regular contact with FBI agents immediately upon his election of Speaker in August 2019, *prior* to even the formation of Phoenix Solutions.

This is of particular relevance in light of the prosecution's *Ex Parte* Motion for *In Camera* Review, filed on September 24, 2024. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ We urge the prosecution to adhere to its obligations to both actively obtain and disclose evidence favorable to the Defendants that are in connection with the prosecution's witnesses, even if known by other agencies or related to uncharged derogatory information about such witnesses.

Justice Manual 9-27.300 states that "[p]rosecutors have an ongoing obligation to evaluate a case and the provable evidence, even after offenses have been charged. If a prosecutor determines that, as a result of a change in the evidence or for another reason, a charge is no longer readily provable or appropriate, the prosecutor should dismiss those charges, consistent with the written policies of the district or litigating division and the Principles of Federal Prosecution."

Please immediately identify and disclose all *Brady* and *Giglio* materials, including, but not limited to, witness statements and related documents, including reports, memoranda, exhibits, and notes. If the prosecution possesses materials responsive to this letter but declines to produce them for whatever reason, please let me know that as well.


Very truly yours,

*[signature]*

Jonathan P. Farmer

JPF/ams