|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:22-CR-00282** |
| **GLEN CASADA and** | ) | **District Judge Eli J. Richardson** |
| **CADE COTHREN** | ) | **Magistrate Judge Alistair Newbern** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' JOINT MOTION TO ALLOW THE ADMISSION OF EVIDENCE
DURING CROSS-EXAMINATION OF GOVERNMENT WITNESSES
<u>PURSUANT TO FEDERAL RULE OF EVIDENCE 611</u>**

Defendants Glen Casada and Cade Cothren, through counsel, jointly move this Court for an Order, pursuant to Federal Rule of Evidence 611, permitting the parties to introduce and admit non-collateral, admissible evidence during cross-examination. This Court has the discretion to permit the parties to offer and admit relevant and admissible substantive evidence during cross-examination, and doing so will enhance efficiency, promote judicial and trial economy, facilitate truth and fact-finding, protect Defendants' constitutional rights, and minimize or eliminate the risk of prejudice to either side.

Rule 611(b) of the Federal Rules of Evidence generally limits cross-examination to "the subject matter of the direct examination and matters affecting the witness's credibility." This Rule gives the district court discretion to "allow inquiry into additional matters as if on direct examination" (Fed. R. Evid. 611(b)) when doing so "will illuminate material issues or clarify areas of confusion." *United States v. Riggi*, 951 F.2d 1368, 1375 (3d Cir. 1991) (citing 7 John H. Wigmore, *Evidence* § 1889 (James H. Chadbourn rev. ed. 1978)). For matters that arguably fall outside of Rule 611(b)'s parameters, Rule 611(a) gives courts wide latitude and oversight "over the mode and order of examining the witnesses and presenting evidence" to best "(1) determin[e] the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Although Rule 611 limits

1

the scope of cross-examination to some degree, it simultaneously gives the district court the discretion to prioritize the efficient and logical presentation of evidence over technicalities.[1] The Court's exercise of its Rule 611 discretion is particularly useful in complex cases like this one, where the introduction of admissible evidence on cross-examination will save time and create efficiencies for the Court, the parties, and witnesses. Declining to exercise such discretion will likely result in a prolonged, hyper-technical, inefficient, and prejudicial presentation of proof.

"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). In a criminal prosecution, cross-examination is "a right, not simply a question of the order of proof." *United States v. Wolfson*, 573 F.2d 216, 224 (5th Cir. 1978); *see also United States v. Segal*, 534 F.2d 578, 582 (3d Cir. 1976) ("While the trial court has wide discretion to prevent repetition, harassment of the witness or production of irrelevant material, the right of cross-examination is of constitutional dimension and may not be denied."). Improperly limited cross-examination "'calls into question the ultimate integrity of the fact-finding process.'" *Riggi*, 951 F.2d at 1376 (quoting *Ohio v. Roberts*, 448 U.S. 56, 64, 65 L. Ed. 597, 100 S. Ct. 2531 (1980)).

In recent trials before this Court, the government has taken the position that <u>it</u> has the authority to preclude the defense from admitting <u>any</u> evidence on cross-examination during the prosecution's case-in-chief. The government has not, to Defendants' knowledge, cited any authority to support its position, and Defendants have found none. Regardless, prohibiting an opposing party from admitting <u>any</u> evidence during cross-examination, particularly evidence that falls within the parameters of Rule

---

[1] "The rule limiting cross-examination to the precise subject of the direct examination is probably the most frequent rule (except the Opinion rule) leading in the trial practice today to refined and technical quibbles which obstruct the progress of the trial, confuse the jury, and give rise to appeal on technical grounds only." Fed. R. Evid. 611(b), Advisory Committee Notes (1972) (citing McCormick, § 27, p. 51; *See also* 5 Moore's Federal Practice 43.10 (2nd ed. 1964)).

611, contravenes Rule 611 and improperly places technicalities on the introduction of evidence above potentially prejudicing criminal defendants facing significant penalties.

Criminal defendants have a constitutional right to counsel and to confront witnesses against them. U.S. CONST. AM. VI. Inherent in both rights and Rule 611 is not only the right to cross-examine government witnesses about the *subject matter* of the direct examination and the witness' credibility— but also to introduce and admit tangible (not just testimonial) evidence—within that scope. Protecting these rights is not only constitutionally required, but it also promotes the truth-telling process and guards against further constitutional harm that may flow from the selective presentation of evidence by one party. If the prosecution curates direct examination testimony that presents an incomplete (at best) or misleading (at worst) picture and the defendant is prohibited from admitting evidence that rebuts and/or provides additional context on cross-examination, a defendant may be forced to put on a case to present this evidence when s/he has a constitutional right not to do so. U.S. CONST. AM. V. Recalling adverse witnesses to testify during the defense case also impedes the truth-telling process and may result in the harassment of those witnesses, many of whom live several hours away from the federal courthouse.

Several appellate decisions, though not binding, are instructive on this point. In *United States v. Segal*, the government asked a special agent about a recorded conversation the witness had with the defendant, chose to not introduce the recording of the meeting, then objected to the defendant's introduction of the recording on cross-examination. 534 F.2d at 582. The district court sustained the objection. *Id.* Focusing on the subject matter of the direct examination on appeal, the Third Circuit found that the district court improperly restricted the scope of the cross-examination because "the scope is to be measured by the subject matter of the direct examination rather than by specific exhibits which are introduced at that time." *Id.* In *United States v. Wolfson*, 573 F.2d 216 (5th Cir. 1978), the Fifth Circuit referred to the "Government's game" of introducing evidence about dollar amounts in an

3

exhibit, but then objecting to cross-examination on the discussions between the witness and defendant about the dollar amounts in the exhibit. Similarly, in *United States v. Riggi*, the Third Circuit held that a district court's "blanket rule" barring any recross-examination was reversible error because it deprived the defendant of the opportunity for effective cross-examination regardless of the scope of (re)direct. 951 F.2d 1368, 1375–76 (3rd Cir. 1991).

These cases confirm it is improper to limit the scope of cross-examination to only "impeachment" evidence or to exclude evidence on cross-examination that *could* be introduced in the defendant's case-in-chief. The scope of admissible evidence on cross (aside from credibility) includes evidence within the subject matter of direct. *Segal*, 534 F.2d at 583 ("That specific evidence could have been a part of the defense does not preclude its development on cross-examination if the prosecution makes the subject matter part of its direct testimony."); *cf. United States v. Stadtmauer*, 620 F.3d 238, 272 (3rd Cir. 2010) (finding no abuse of discretion in district court's ruling prohibiting the defendant from introducing exhibits on cross-examination because they were "case-in-chief materials" instead of "impeachment materials" and also holding that even if the district court's interpretation of 611(b) was erroneous, the error was harmless because sufficient cross was allowed for defendant to be able to make his point to the jury). Forcing a defendant to recall a witness to admit evidence weeks after his/her direct examination to preserve the abstract lines separating the prosecution's case-in-chief versus the defendant's case-in-chief is not a substitution for the indisputable impact of contemporaneous cross-examination, is far less effective, and potentially is ineffective.

This matter is currently set for trial to begin on April 22, 2025, with an expected duration of at least 3-5 weeks. (Doc. No. 245). The government is expected to present **twenty or more** witnesses during its case-in-chief. Defendants expect to call many of these witnesses in their case-in-chief, especially if they are prohibited from admitting any non-testimonial evidence on cross-examination. If witnesses are already testifying on behalf of the government, then Defendants are permitted under Rule

4

611—at a minimum—to present and admit evidence through those witnesses that relate to the subject of direct and the witness's credibility. Further, Defendants also should be able to inquire into, and admit, evidence concerning extraneous matters if doing so would allow the Court to better manage the flow and presentation of evidence, promote the truth-finding process, and/or avoid harassment of witnesses. Forcing Defendants to recall witnesses for the sole purpose of admitting evidence that could have been admitted weeks prior (during the government's case-in-chief) on cross-examination adds unnecessary costs, witness fees[2] and subpoenas, wastes witnesses' time, increases the length of the trial, and correspondingly increases the costs and burdens to the government, Defendants, and Court.

In addition to avoiding unnecessary public and private costs, allowing the presentation and admission of such proof on cross-examination protects Defendants' constitutional rights and the integrity of this trial. The Fourth, Fifth, and Sixth Amendments to the United States Constitution require the government to prove its case beyond a reasonable doubt and prevent improperly shifting this burden to the defense. *See, e.g., United States v. Clark*, 982 F.2d 965, 968-69 (6th Cir. 1993) (citing *United States v. Parker*, 903 F.2d 91, 98 (2d Cir. 1990)). Those amendments also guarantee criminal defendants the right to fair trials, including effective presentation of evidence and confrontation of witnesses. Courts have long held that trial courts should not impose procedural barriers that impair a defendant's ability to present their defense. *See generally Chambers v. Mississippi*, 410 U.S. 284 (1973) (holding that rigid application of evidentiary rules cannot deprive a party of the opportunity to present a full and fair defense). If Defendants are required to recall adverse witnesses to admit evidence that could have been admitted in their direct examinations, it will likely be weeks after the witness's first appearance, which will require refreshing the witness's (and the jury's) recollection regarding the subject matter of their testimony. Further, the delay time between appearances would allow witnesses the

---

[2] *See* 28 U.S.C. § 1821.

opportunity (and temptation) to learn about other proof that has been introduced through the expected wide-spread media attention this case may receive, and then alter their testimony.

Even the <u>potential</u> for such constitutional violations is sufficient grounds for granting the relief requested. The facts and legal theories are hotly contested and in dispute in this case. And, "'[i]n a close case the rule must not be so strictly applied as to deprive the defense of an opportunity to present to the jury a vital element of the defense.'" *United States v. Wolfson*, 573 F.2d 216, 223 (5th Cir. 1978) (quoting *United States v. Lewis*, 447 F.2d 134, 139 (2nd Cir. 1971)).

Accordingly, Defendants respectfully jointly move this Court for an Order permitting the parties to introduce and admit non-collateral, admissible evidence while a witness is testifying on cross-examination pursuant to Rule 611.

Respectfully Submitted,

**Sherwood Boutique Litigation, PLC**

/s/ Cynthia A. Sherwood
Cynthia A. Sherwood, #20911
Austin M. Correll, #39561
414 Union Street
Suite 1110
Nashville, TN 37219
T: 615-873-5670
F: 615-900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Cade Cothren*

**Barnes & Thornburg LLP**

/s/ Joy Boyd Longnecker
Joy Boyd Longnecker, #29627
1600 West End Avenue
Suite 800
Nashville, TN 37203
T: 615-621-6012
joy.longnecker@btlaw.com
*Counsel for Defendant Cade Cothren*

**Spencer Fane LLP**

/s/ Chase Fann
Edward M. Yarbrough
Jonathan P. Farmer
Steven C. Fann
Spencer Fane LLP
511 Union Street
Suite 1000
Nashville, TN 37219
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com
*Counsel for Defendant Glen Casada*

7

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was electronically filed with the

Clerk on March 19, 2025, and service was made upon the following via CM/ECF and/or by email.

Edward M. Yarbrough
Jonathan P. Farmer
Steven C. Fann
Spencer Fane LLP
511 Union Street
Suite 1000
Nashville, TN 37219
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
cfann@spencerfane.com

John P. Taddei
Blake J. Ellison
U.S. Department of Justice
Public Integrity Section
1301 New York Ave. NW
Ste 10th Floor
Washington, DC 20530
john.taddei@usdoj.gov
blake.ellison@usdoj.gov

Taylor J. Phillips
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, TN 37203
taylor.phillips@usdoj.gov

W. David Bridgers
L. Wells Trompeter
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
david.bridgers@hklaw.com
wells.trompeter@hklaw.com

Ben M. Rose
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
ben@rosefirm.com

/s/ Cynthia A. Sherwood

8