**ORDER**
As was discussed in open Court, this Motion (Doc. No. 274) was granted.
IT IS SO ORDERED.

*Eli Richardson*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:22-CR-00282 |
| GLEN CASADA and ) | District Judge Eli J. Richardson |
| CADE COTHREN ) | Magistrate Judge Alistair Newbern |
| ) | |
| Defendants. ) | |

## DEFENDANTS' JOINT MOTION TO ALLOW THE ADMISSION OF EVIDENCE DURING CROSS-EXAMINATION OF GOVERNMENT WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 611

Defendants Glen Casada and Cade Cothren, through counsel, jointly move this Court for an Order, pursuant to Federal Rule of Evidence 611, permitting the parties to introduce and admit non-collateral, admissible evidence during cross-examination. This Court has the discretion to permit the parties to offer and admit relevant and admissible substantive evidence during cross-examination, and doing so will enhance efficiency, promote judicial and trial economy, facilitate truth and fact-finding, protect Defendants' constitutional rights, and minimize or eliminate the risk of prejudice to either side.

Rule 611(b) of the Federal Rules of Evidence generally limits cross-examination to "the subject matter of the direct examination and matters affecting the witness's credibility." This Rule gives the district court discretion to "allow inquiry into additional matters as if on direct examination" (Fed. R. Evid. 611(b)) when doing so "will illuminate material issues or clarify areas of confusion." *United States v. Riggi*, 951 F.2d 1368, 1375 (3d Cir. 1991) (citing 7 John H. Wigmore, *Evidence* § 1889 (James H. Chadbourn rev. ed. 1978)). For matters that arguably fall outside of Rule 611(b)'s parameters, Rule 611(a) gives courts wide latitude and oversight "over the mode and order of examining the witnesses and presenting evidence" to best "(1) determin[e] the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Although Rule 611 limits