UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  3:22-CR-00282-01 |
| | ) | Judge Richardson |
| [1] GLEN CASADA, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR ENTRY OF FORFEITURE MONEY JUDGMENT

The United States of America moves for entry of an Order of Forfeiture consisting of a $7,143.64 United States currency Money Judgment as to the following counts of conviction: Counts One through Four, Counts Six through Nine, and Counts Twelve through Nineteen of the Indictment ("Order of Forfeiture"). *See* Fed. R. Crim. P., 32.2 (a), (b)(1)(A), (b)(2)(A), (b)(4)(B), and (c)(1).

**The Indictment and Jury Verdict Provide a Basis for a Forfeiture Money Judgment**

On May 16, 2025, a jury of defendant Glen Casada's peers returned a verdict of guilty as to seventeen of the nineteen counts for which he was charged. (ECF No. 350: Redacted Jury Verdict Form). Defendant was convicted of conspiracy to commit an offense against the United States by fraudulently obtaining property from the State of Tennessee, soliciting, receiving, and offering bribes and kickbacks, and honest services wire fraud, in violation of 18 U.S.C. § 371, as charged in Count One; theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A), as charged in Count Two; bribery and kickbacks concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B), as charged in Count Three; bribery and kickbacks concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2), as

charged in Count Four; honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, as charged in Counts Six through Nine; use of a fictitious name to carry out a fraud, as charged in Count Eleven, in violation of 18 U.S.C. 1342; conspiracy to commit money laundering, as charged in Count Twelve, in violation of 18 U.S.C. § 1956(h); concealment money laundering, as charged in Counts Thirteen through Eighteen, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and transaction money laundering, as charged in Count Nineteen, in violation of 18 U.S.C. § 1957. *Id*.

The Forfeiture Allegation of the Indictment gave the Defendant express notice of the United States' intent to seek forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(c), 982(a)(1) and (3), as well as 28 U.S.C. § 2461(c). (ECF No. 3: Indictment, PageID#: 28–29). This notice expressly described the intent to seek forfeiture of "any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly" from the crimes. *Id*. Property "involved in or otherwise traceable to property involved" in Defendant's crimes are also subject to forfeiture. *Id*. The notice of intent to seek forfeiture also included a substitute assets clause. *Id*.

The applicable forfeiture statutes provide for orders of forfeiture based on the jury's verdict. The convictions of Counts One, Four, and Six through Nine authorize criminal forfeiture of proceeds derived from the crimes, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c). Forfeiture is authorized for convictions of Counts Two and Three under 18 U.S.C. § 982(a)(3). The money laundering convictions, Counts Twelve through Nineteen, provide for forfeiture of proceeds obtained as a result of the offense and forfeiture of property involved in the offense, pursuant to 18 U.S.C. § 982(a)(1).

**The Trial Evidence and Supplemental Records Support a $7,143.64 Forfeiture Money Judgment**

The evidence admitted at trial, along with the information submitted with this Motion, provides a substantial basis to support a preliminary order imposing a $7,143.64 forfeiture money judgment against the Defendant.

The Defendant participated in a bribery and kickback scheme to profit off the postage and printing allowance apportioned for members of the Tennessee House of Representatives. The State of Tennessee allocated Tennessee Representatives $3,000 annually to fund the printing and postage of items sent to a representative's constituents. (PSR, ¶ 15). Co-defendant Cade Cothren established Phoenix Solutions with the knowledge and support of the Defendant and Robin Smith. (PSR, ¶ 16). Cothren, Smith and the Defendant concealed Cothren's identity as the true owner of Phoenix Solutions. (PSR, ¶¶ 16, 17). The Defendant and Robin Smith then used their respective positions as state legislators to induce other house members to select Phoenix Solutions and their own consulting companies as preferred mail vendors. (PSR, ¶ 18). In exchange, Phoenix Solutions paid bribes and kickbacks to the Defendant. *Id*.

An analysis of bank records conducted by an FBI accountant determined that the Defendant received at least $7,143.64 in bribes and kickbacks from the scheme. (Attachment 1, Payments from Phoenix Solutions to Cothren, Casada, and Smith). Cothren opened First Horizon Bank x3886 ("FHB x3886") on behalf of Phoenix Solutions. (PSR, ¶ 21). The Defendant deposited two checks written from FHB x3886 in the amounts of $4,143.64 and $500 to his SunTrust account ending in x4447. (PSR, ¶ ¶ 30, 36). The Defendant deposited a third check written from FHB x3886 in the amount of $2,500 to a Fifth Third account ending in x7874, his personal account. (PSR, ¶ 37). For example, the Defendant knew the $2,500 check from Phoenix Solutions was a kickback payment from the mailer fraud. (PSR, ¶ 37).

4

Based on the foregoing, the United States respectfully requests entry of a forfeiture money judgment in the amount of $7,143.64 in United States currency.

A proposed Forfeiture Money Judgment is attached hereto for the Court's convenience.

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney for the
Middle District of Tennessee

By:   s/ Taylor J. Phillips
    Taylor J. Phillips
    Assistant United States Attorney
    719 Church Street, Suite 3300
    Nashville, Tennessee 37203-6940
    Telephone: (615) 736-5151
    Email: taylor.phillips@usdoj.gov