| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CR-00282-01 |
| | ) | Judge Richardson |
| [1] GLEN CASADA, | ) | |
| | ) | |
| Defendant. | ) | |

## FORFEITURE ORDER

Based on the Defendant's consent, the pleadings in this matter the facts of the case as shown at trial, the Court finds as follows:

The Defendant was charged at Count One of the Indictment with a violation of 18 U.S.C. § 371; at Count Two with theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); at Counts Three and Four with bribery and kickbacks concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B) and (a)(2); at Counts Five through Ten with honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; at Count Eleven with use of a fictitious name to carry out a fraud, in violation of 18 U.S.C. 1342; at Count Twelve with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); at Counts Thirteen through Eighteen with concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and at Count Nineteen with transaction money laundering, in violation of 18 U.S.C. § 1957.

The Forfeiture Allegation of the Indictment gave notice that upon conviction of any of Counts One, Four, and Five through Ten, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), the Defendant would be liable to forfeit to the United States any property, real or personal,

that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the violation of the offenses, including a money judgment equal in value to the gross proceeds traceable to the commission of the offenses. The Forfeiture Allegation of the Indictment gave notice that upon conviction of Counts Two and Three, pursuant to 18 U.S.C. § 982(a)(3), the gross receipts obtained would be forfeitable by a money judgment representing the value of the gross receipts traceable to the offenses. The Forfeiture Allegation of the Indictment gave notice that upon conviction of any of Counts Twelve through Twenty, pursuant to 18 U.S.C. § 982(a)(1), any property involved in or traceable to such property involved in the offense could by forfeited by a money judgment representing the value of the property involved in or traceable to property involved in the offense of conviction.

The Forfeiture Allegation of the Indictment also gave notice to the Defendant that the United States shall be entitled to forfeiture of substitute assets of the Defendant up to the value of the money judgment.

A jury of his peers has found the Defendant guilty as to Counts One through Four, Counts Six through Nine, and Counts Twelve through Nineteen of the Indictment.

The United States has established nexus that the gross proceeds, receipts, and property involved in or traceable to the Defendant's offenses are $7,143.64 United States currency as to Counts One through Four; Counts Six through Nine; and Counts Twelve through Nineteen.

There is, therefore, a preponderance of evidence that the value of the gross proceeds, receipts, and property involved in or traceable to the commission of the violations is $7,143.64 United States currency as to Counts One through Four; Counts Six through Nine; and Counts Twelve through Nineteen.

It is, therefore, ORDERED that:

2

A.  An Order of Forfeiture Consisting of a $7,143.64 United States currency Money Judgment as to Counts One through Four; Counts Six through Nine; and Counts Twelve through Nineteen is hereby entered against the Defendant. At sentencing, this Order shall become final and shall be included in the Court's Judgment.

B.  The United States may engage in discovery without further application to the Court to facilitate the identification and location of property declared forfeited, substitute assets, and to facilitate the disposition of any petitions for remission, mitigation or restoration.

C.  The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

D.  Any financial statement submitted in this matter for a *pro bono* attorney by the Defendant is hereby released to the Asset Forfeiture Unit of the United States Attorney's Office.

E.  The IRS shall release any of the Defendant's tax returns — to the Asset Forfeiture Unit of the United States Attorney's Office — for the years beginning 2020 through the pendency of the payment of the full amount of forfeiture.

F.  The Defendant shall remain personally liable upon the money judgments entered herein until payment is made in full.

G.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this _____ day of _____ 2025.


_____
ELI J. RICHARDSON
United States District Court Judge


3